IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IMANI WISDOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-1494-GBW |
| | ) | |
| JP MORGAN CHASE & CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

Imani Wisdom, Laurelton, New York.  Pro se Plaintiff.

William J. Burton and Kevin Grant Collins, Barnes & Thornburg LLP, Wilmington, Delaware.  Counsel for Defendant JP Morgan Chase & Co.

Ronald P. Golden, III, Bayard, P.A., Wilmington, Delaware.  Counsel for Defendant The Corporation Trust Company.

**MEMORANDUM OPINION**

May 22, 2024
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

Plaintiff Imani Wisdom, who appears *pro se* and has paid the filing fee, brings this action asserting claims related to an outstanding credit card bill. The Amended Complaint (D.I. 8) is the operative pleading. Before the Court are Defendants' motions to dismiss (D.I. 30, 31) and Plaintiff's motion to strike (D.I. 34).

## I.   BACKGROUND

Plaintiff had a credit card issued by Defendant JPMorgan Chase Bank, N.A. ("JP Morgan" or "Chase"). Rather than pay her outstanding balance due, Plaintiff sent Chase a series of bizarre documents couched in inapplicable legalese, and asserted that by having done such, she had discharged her obligation to pay off her balance. She describes these as coupons, or bills of exchange, allegedly permissible for this purpose under the "Bill of Exchange Act."[1] Unhappy with Chase's insistence that she pay her balance, she filed this lawsuit, asserting claims under the Fair Credit Billing Act ("FCBA"), the Fair Debt Collection Practices Act ("FDCPA"), and a collection of other statutes, court rules, and legal doctrines. She named as Defendants JP Morgan and the Corporation Trust Company, which is JP Morgan's registered agent. She requests damages and injunctive relief.

---

[1] Plaintiff appears to be referring to an 1882 Act of the United Kingdom's Parliament.

1

## II. LEGAL STANDARDS

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"In evaluating a motion to dismiss," the Court "may consider documents that are attached to or submitted with the complaint . . . matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (internal quotation marks omitted).

## III. DISCUSSION

Plaintiff's Amended Complaint is wholly frivolous and fails to state any cognizable legal claims. To begin, Plaintiff asserts no allegations against the Corporation Trust Company, besides that it was JP Morgan's registered agent. Accordingly, the Corporation Trust Company's motion to dismiss will be granted.

3

With regard to Plaintiff's FCBA claim, as another court in this Circuit recently explained:

> [R]ather than a legally enforceable document noting an existing debt that [the creditor defendant] owed to her, [the plaintiff] simply handwrote an array of financial buzzwords on her credit card statement and tried to pass this off to [the creditor] as valid legal tender for her credit card debt. This is not a valid financial instrument, and other courts nationwide have rejected such "frivolous" attempts to satisfy a debt through a fictitious "bill of exchange."

*Harp v. Police*, 2023 WL 5152625, at *3 (E.D. Pa. Aug. 10, 2023) (citing *Hennis v. Trustmark Bank*, 2010 WL 1904860, at *5 (S.D. Miss. May 10, 2010) (collecting cases and noting that "[f]rom coast to coast, claims that debts have been paid under the redemption theory by the plaintiffs' issuance of 'bills of exchange' have been dismissed as frivolous")).

Plaintiff's claims under the FDCPA are also meritless. "The FDCPA provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors." *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005). To state a claim under the FDCPA, a plaintiff must establish that: (1) she is a consumer who was harmed by violations of the FDCPA; (2) that the debt arose out of a transaction entered into primarily for personal, family, or household purposes; (3) that the defendant collecting the debt is a "debt collector," and (4) that the defendant violated, by act or omission, a provision of the FDCPA. *See Jensen v. Pressler & Pressler*, 791 F.3d 413, 417

4

(3d Cir. 2015). The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). This statutory language focuses "on third party collection agents working for a debt owner—not on a debt owner seeking to collect debts for itself." *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 83 (2017). It is clear from Plaintiff's allegations that Chase was not attempting to collect a debt owed to another and, therefore, was not acting as a debt collector under the FDCPA. Accordingly, Plaintiff has failed to state a claim under the FDCPA.

Plaintiff's remaining claims are similarly frivolous. She failed to state a claim under the Federal Home Loan Bank Act because she does not allege that the transactions at issue involved home mortgages. Plaintiff's claims under the Delaware Rules of Evidence are incomprehensible. There is no private right of action under the National Bank Act. *See, e.g., Williams v. Pfeifer*, 2019 WL 2433606, at *2 (S.D.N.Y. June 11, 2019) ("Although Plaintiff invokes the National Bank Act . . . that statute does not create a private right of action."). Plaintiff also appears to assert that JP Morgan is guilty of violating federal criminal statutes. A private party has no right to enforce criminal statutes, and Plaintiff therefore fails

to state a claim in attempting to invoke criminal statutes in this civil suit. *See Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981) (per curiam); *see also United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). Plaintiff also fails to cite any actionable and applicable sections under the Consumer Credit Protection Act.

Accordingly, the Amended Complaint will be dismissed as frivolous and for failure to state a claim.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Defendants' motions to dismiss (D.I. 30, 31) and denies Plaintiff's motion to strike (D.I. 34).

An appropriate Order will be entered.